**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 18-cv-590**

| | |
|---|---|
| Anna R. Holl, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>Capreit Residential Management, LLC,<br><br>    Defendant. | **CLASS ACTION COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

Anna R. Holl (hereinafter "Plaintiff"), individually and on behalf of all other individuals similarly situated, brings this class action complaint against Defendant Capreit Residential Management, LLC (hereinafter "Defendant"), for injunctive relief, damages, and any other available legal or equitable remedies resulting from Defendant's contacting Plaintiff and Class members through Short Message Service ("SMS") on Plaintiff's and Class members' cellular telephones, in violation of 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's and Class members' privacy.

## INTRODUCTION

1. According to a study by the Pew Research Center, 69% of cellular users who use SMS receive unwanted spam. Jan L. Boyles and Lee Rainie, *Mobile Phone Problems,* Pew Research Center, Internet & Technology (Aug. 2, 2012), http://www.pewinternet.org/2012/08/02/mobile-phone-problems/.

2. "Voluminous consumer complaints about abuses of telephone technology… prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may contact them, and made specific findings that technologies that might allow consumers to avoid receiving such calls or SMS "are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102-243, § 11.  Toward this end, Congress found that banning such automated or prerecorded calls and SMS, "except when the receiving party consents… or when such calls [or SMS] are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id* at § 12.

## JURISDICTION AND VENUE

4. This Court has Jurisdiction over this class action lawsuit under 47 U.S.C. § 227, 28 U.S.C. §§ 1331, and 1367.

5. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in Minnesota, Defendant is registered to do business in Minnesota, and the acts alleged herein originated in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant conducts substantial business in this District.

## PARTIES

7. Plaintiff is, and was at all times herein relevant, a resident of the State of Minnesota, City of Eden Prairie, County of Hennepin. Plaintiff is, and was at all times herein relevant, a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant is a "real estate operating company that owns and manages apartment communities, such as the Minneapolis Grand Apartment Complex, throughout the United States" *see* https://www.capreit.com/who-we-are, organized and existing under the laws of the State of Maryland, with its principal office located at 11200 Rockville Pike, Suite 100, Rockville, Maryland 20852; Defendant is, and was at all times herein relevant, a "person," as defined by 47 U.S.C. § 153(39).

## PLAINTIFF'S FACTUAL ALLEGATIONS

9. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to cheaply send solicitations. SMS is one such alternative.

10. The term "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

11. Unlike more conventional advertisements, SMS can actually cost their recipients money because cellular telephone users frequently pay their respective wireless service providers either for each SMS they receive or for the general ability to send and receive such, regardless of whether the SMS is authorized.

12. "SMS" are "calls" within the context of the TCPA.

13. The TCPA states, in part:

> It shall be unlawful… (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice… (iii) to any telephone number assigned to a… cellular telephone.

47 U.S.C. § 227(b)(1).

14. The TCPA defines "telemarketing call," or "telephone solicitation," as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of… goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

15. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

16. Before making a telephone solicitation using an automatic telephone dialing system, one must receive "prior express consent" to do so from the called party. "Prior express consent" must:

- Be in the form of an agreement in writing, bearing the written or electronic signature of the person providing consent;
- Specify the telephone number to which the person is consenting to be called; and
- Clearly and conspicuously authorize the company to call the person using an autodialer system or prerecorded message for telemarketing purposes.

27 F.R. § 64.1200(f)(8).

-4-

17. On November 2, 2017, Plaintiff called 612-807-1873, the telephone number associated with the Minneapolis Grand Apartment Complex and heard the following, prerecorded message:

> In case we miss your call or get disconnected, we'd like your consent to be contacted by our property via SMS text with more marketing information. Press "1" to agree, press "2" to decline.

18. Unwilling to consent, Plaintiff then entered the number "2" on her cellular telephone.

19. Nevertheless, at 9:10 a.m. on November 2, 2017, Defendant sent or transmitted, or had sent or transmitted on its behalf, an unsolicited and impersonal SMS to Plaintiff's cellular telephone, phone number ending "1832" which read,

**"Hello, are you still interested in Mpls Grand Apts?"**

20. Defendant sent or transmitted, or had sent or transmitted on its behalf, this unsolicited SMS to Plaintiff's cellular telephone from telephone number (612) 315-8202.

21. Defendant sent or transmitted, or had sent or transmitted on its behalf, the same or substantially the same SMS *en masse* to Class members' cellular telephones.

22. Upon information and belief, Defendant sent or transmitted, or had sent or transmitted on its behalf, the SMS to Plaintiff's and Class members' cellular telephones using an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1).

23. Defendant's SMS to Plaintiff's and Class members' cellular telephones was done without consent to do so.

24. Defendant's unsolicited SMS to Plaintiff's and Class members' cellular telephones caused Plaintiff and Class members frustration, mental anguish, and out-of-pocket expense.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of herself and as a class action under the provisions of Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure. The Class is defined as follows:

    > All persons in the United States and its Territories who received one or more SMS without having provided prior express consent, from, or on behalf of, Defendant.

26. Defendant and Defendant's members and employees are excluded from the class.

27. This action is properly maintainable as a class action. Members of the Class are so numerous that their individual joinder is impracticable. The precise number of members is unknown at this time, but is believed to be at least over 100. The true number of proposed members is, however, known by Defendant and, thus, Class members may be notified of the pendency of this action by first class mail, electronic, and published notice using information in Defendant's records.

28. A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein, and no unusual difficulties are likely to be encountered in the management of this class action. Additionally, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or

varying adjudications, establishing incompatible standards of conduct for Defendant.

29. Rule 23(a)(2) and Rule 23(b)(3) are both satisfied because there are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. The common questions include the following:

   a. Whether Defendant violated the TCPA by sending unauthorized SMS to Plaintiff and members of the Class;

   b. Whether the equipment Defendant used to send SMS in question was an automatic telephone dialing system, as defined by the TCPA;

   c. Whether such SMS were sent to telephone numbers assigned to cellular telephones;

   d. Whether the means by which Defendant acquired Plaintiff's and Class members' cellular phone numbers clearly and conspicuously informed Class members they may receive advertisements or telemarketing messages by means of an automatic telephone dialing system;

   e. Whether Defendant's actions were knowing or willful;

   f. Whether Plaintiff and members of the Class are entitled to statutory damages under the TCPA;

   g. Whether Plaintiff and members of the Class are entitled to treble damages based on Defendant's knowing or willful conduct; and

   h. Whether Plaintiff and members of the Class are entitled to equitable relief, including, but not limited to, injunctive relief and restitution.

30. Plaintiff's claims and the claims of members of the Class all derive from a common nucleus of operative facts. That is, irrespective of the individual circumstances of

any Class members, liability in this matter will rise and fall with core issues related to Defendant's conduct.

31. Plaintiff's claims are typical of the claims of the Class members. Plaintiff has the same interest as all members of the Class in that the nature and character of the challenged conduct is the same.

32. Plaintiff will fairly and adequately represent and protect the interest of the Class. Plaintiff's interests are entirely consistent with, and not antagonistic to, those of the other members of the Class. Plaintiff has retained competent counsel experienced in the prosecution of consumer and class action litigation.

33. Defendant has acted or refused to act on grounds generally applicable to the Class, making injunctive and declaratory relief appropriate with respect to the Class as a whole.

## **TRIAL BY JURY**

34. Plaintiff is entitled to, and hereby demands, a trial by jury.  US Const. amend. VII; Fed. R. Civ. Pro. 38.

## **CAUSES OF ACTION**

### **COUNT I.**

### **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227** *et seq.*

35. Plaintiff incorporates by reference all foregoing paragraphs as if fully stated herein.

36. Defendant sent or transmitted, or had sent or transmitted on its behalf, unsolicited SMS to Plaintiff's and Class member's cellular telephones.

37. The SMS sent to Plaintiff and members of the Class were sent using equipment that had the capacity to store telephone numbers retrieved from Defendant's database and to dial such numbers. By using such equipment, Defendant was able to effectively send SMS to cellular telephones *en masse* without human intervention.

38. Defendant sent or transmitted, or had sent or transmitted on its behalf, SMS to Plaintiff and members of the Class without receiving prior express consent to do so.

39. Defendant's aforementioned acts and omissions constitute knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

41. In the alternative, Defendant's aforementioned acts and omissions constitute negligent violations of 47 U.S.C. § 227 *et seq.*

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff and Class members are also entitled to, and hereby seek, actual damages and injunctive relief prohibiting such conduct in the future.

## COUNT II.

### INVASION OF PRIVACY – Intrusion Upon Seclusion

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendant's conduct resulted in an intrusion upon Plaintiff's and Class members' right to seclusion and an invasion of Plaintiff's and Class members' privacy.

46. Defendant's conduct was highly offensive to Plaintiff and Class members and would be considered highly offensive to a reasonable person.

47. Defendant's conduct caused Plaintiff and Class members frustration, mental anguish, and out-of-pocket expense.

48. As a result of Defendant's intrusion, Plaintiff and Class members are entitled to actual damages as well as the costs associated with bringing these proceedings.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

- That the Court determine that this action may be maintained as a class action under Rules 23(a), 23(b)(2), and (b)(3) of the Federal Rules of Civil Procedure, that Plaintiff be certified as Class representative, and Plaintiff's counsel be appointed as counsel for the Class;
- That the unlawful conduct alleged herein be declared to be illegal and in violation of the TCPA;
- That Defendant be enjoined from engaging in the same or similar practices alleged herein;
- That Plaintiff and members of the Class recover damages, as provided by law, determined to have been sustained as to each of them, and that judgment be entered against Defendants on behalf of Plaintiff and members of the Class;
- That Plaintiff and members of the Class recover their costs of the suit, and attorneys' fees as allowed by law;
- That Plaintiff and members of the Class recover actual damages and costs for Defendant's invasions of privacy; and
- For such other and further relief as may be just and proper.

Dated this 1st day of March, 2018.   Respectfully submitted,

By: s/Thomas J. Lyons Jr.

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
Katelyn R. Cartier
Attorney I.D. #: 0398935
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
Emails: tommy@consumerjusticecenter.com
Kcartier@consumerjusticecenter.com

***ATTORNEYS FOR PLAINTIFF***

# VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF Hennepin        )

I, Anna Holl, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                        s/Anna Holl
                                        Anna Holl

Subscribed and sworn to before me
this 23rd day of February, 2018.

s/Katelyn R. Cartier
Notary Public